United States District Court
For the
Middle District of Florida
Ocala Division

Steven Charles Spahr
    Plaintiff

V.                    Case No. 5:22-cv-484-KKM-PRL

Officer Davis
Officer Lancaster
Officer Wood
Officer Reale
Corporal Canale
Corporal Penn
Sargent Hayes
Sheriff William O. Bill Farmer Jr.
    Defendants

---

Complaint For Violation of Civil Rights
    42 U.S.C. 1983
    (Prisoner Complaint)

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). This civil action involves violations of the Fourteenth Amendment due process clause for excessive force, failure to protect, and for failure to properly train officers how to protect inmates against violence.

The Parties To This Complaint

A) (The Plaintiff)

Name: Steven Charles Spahr
all other names by
witch you have been known: Steven
I.D. Number: # 9819037403
Current Institution Address: Sumter County detention
Center 219 E. Anderson Avenue
Bushnell Florida 33513

B) (The Defendants)

Defendant No. 1

Name: William O. Bill Farmer Jr.
Job or Title: Sheriff
Shield Number: N/A
Employer: Sumter County Sheriff's Office
Address: 250 E. McCollum Avenue
Bushnell, Florida, 33513

☑ Individual Capacity     ☒ ~~Official Capacity~~

(Defendant No. 2)

Name: Corporal Canale
Job or Title: Corporal
Shield Number N/A
Employer: Sumter County Florida Detention Center
Address: Sumter County Florida Detention Center
219 E. Anderson Avenue 33513 Bushnell Florida
☑ Individual Capacity     ☒ ~~Official Capacity~~

2 of 16

(Defendant No 3)

Name: Corporal Penn
Job or Title: Corporal
Shield Number: N/A
Employer: Sumter County Florida Detention Center
Address: 219 E. Anderson Avenue
Bushnell, Florida, 33513

☐ Individual Capacity    ☑ Official Capacity

(Defendant No. 4)

Name: Sargent Hayes
Job or Title: Sargent
Shield Number: N/A
Employer: Sumter County Florida Detention Center
Address: 219 E. Anderson Avenue
Bushnell, Florida, 33513

☑ Individual Capacity    ~~☐ Official Capacity~~

(Defendant No. 5)

Name: Officer Lancaster
Job or Title: Officer
Shield Number: N/A
Employer: Sumter County Florida Detention Center
Address: 219 E. Anderson Avenue
Bushnell, Florida, 33513

☑ Individual Capacity    ~~☐ Official Capacity~~

(Defendant No. 6)

Name: Officer Wood
Job or Title: Officer
Shield Number: N/A
Employer: Sumter County Florida Detention Center
Address: 219 E. Anderson Avenue
         Bushnell, Florida 33513

☑ Individual Capacity    ☑ ~~Official Capacity~~

(Defendant No. 7)

Name: Officer Reale
Job or Title: Officer
Shield Number: N/A
Employer: Sumter County Florida Detention Center
Address: 219 E. Anderson Avenue
         Bushnell, Florida, 33513

☑ Individual Capacity    ☑ ~~Official Capacity~~

(Defendant No. 8)

Name: Officer Davis
Job or Title: Officer
Shield Number: N/A
Employer: Sumter County Florida Detention Center
Address: 219 E. Anderson Avenue
         Bushnell, Florida, 33513

☑ Individual Capacity    ☑ ~~Official Capacity~~

(Basis For Jurisdiction)

Under 42 U.S.C. 1983 you may sue State or local officials for the deprivation of any rights, privileges, or immunities secured by the Constitution and (Federal laws). Under Bivens v. Six Unknown Named agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), you may sue Federal officials for the violation of certain constitutional rights

A.) Are you bringing suit against

☐ Federal officials (a Bivens claim)

☑ State or local officials (a 1983 claim)

B.) Section 1983 allows claims alleging the deprivation of any rights, privileges, or immunities secured by the Constitution and (Federal laws). 42 U.S.C. 1983. If you are suing under Section 1983, what Federal Constitutional or Statutory right's do you claim is/are being violated by State or local officials

My defendant's violated the Fourteenth Amendment and denied Plaintiff Liberty without due process and acted with Deliberate Indifference when they made Intentional decisions to deliberately use Excessive Force and Failed to Protect plaintiff against Violence Knowingly Plaintiff's life was in danger and That Plaintiff was in Fear For his life

C.)   N/A    Did not Apply to Plaintiff

5 of 16

D.) Section 1983 allows defendants to be found liable only when they have acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columba. 42 U.S.C. 1983. If you are suing under Section 1983, explain how each defendant acted under color of state or local law. If you are suing under Bivens, explain how each defendant acted under color of Federal Law.

(Failure to Protect Claim)

Corporal Canale and Officer Davis while acting under color of state or local law failed to protect plaintiff from harm and acted with deliberate indifference after plaintiff informed Corporal Canale and Officer Davis that plaintiff was in fear for his life. Corporal Canale and Officer Davis made intentional decisions to act with deliberate indifference to plaintiff's Health and Safety and these act's of deliberate indifference was the Probable Cause of my injuries

(Excessive Force claim)

Corporal Penn, Sargent Hayes, Officer Wood, and Officer Reale, and Officer Lancaster, while acting under color of state or local law used Excessive Force and Failed to Protect plaintiff from Excessive Force and acted with deliberate indifference to plaintiffs health and safety after Officer Lancaster rammed Plaintiffs head into A brick wall. For no Reason

(Failure to Train)

Sheriff William O. Bill Farmer Jr has failed to train Officers how to protect inmates against violence. while acting under color of state or local law

(Prisoner Status)

Indicate whether you are a prisoner or other confined person as follows (check all that apply)

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and Sentenced State Prisoner
- [ ] Convicted and Sentenced Federal Prisoner

(Statement of Claim) (Failure to protect)

① My Name is Steven Charles Spahr and im A Pretrial inmate at the Sumter County Florida detention center. And all my defendant's while acting under color of state or local law violated plaintiff's Fourteenth Amendment due process rights. And acted with deliberate indifference when they failed to protect plaintiff from violence and used excessive force while knowingly the force used was Excessive ② on 5-3-2022 at 11:00 P.M. plaintiff advised Corporal Canale that plaintiff was in fear for his life because plaintiff was put in to Fox Dorm with an inmate that plaintiff had an old keep away on. plaintiff asked Corporal Canale to please move plaintiff to another dorm were plaintiff would be safe from other inmates ③ Corporal Canale made an Intentional Decision to purposefully leave plaintiff in Fox dorm knowingly plaintiff's life was in danger. Corporal Canale stated that he dosent have time for this shit and Corporal Canale just walked away knowing plaintiffs life was in danger ④ On 5-4-2022 late in the afternoon plaintiff was attacked by five inmates. plaintiff was forced in to a room in Fox dorm were officers couldn't see the attack and these five inmates punched and kicked plaintiff for over five minutes ⑤ when the attack was finally over plaintiff made it to the front door of Fox dorm and Banged on the door for someone to please help plaintiff. at that time officer Davis opened the windo at the door and asked plaintiff what he was banging on the door for at that time plaintiff advised officer Davis that plaintiff had been attacked by five inmates. officer Davis closed the windo on the door and left plaintiff for about ten minutes while knowingly plaintiff had just been attacked. ⑥ officer Davis returned to the door after ten minutes with Sargent Rodriguez at that time Sargent Rodriguez removed plaintiff from the dangerous conditions and placed plaintiff on the reck yard and called for the Nurse to inspect plaintiff for injuries

at that time it was determined that plaintiff should go to the Hospital ⑦ Plaintiff was then taken to Dade City Florida Hospital in pasco county were plaintiff underwent MRI and xrays and it was determined plaintiff Back was Broke at L1 L2 L3 and L4 vertebrates. Plaintiff was then admitted to Dade City Florida Hospital in pasco county. And the next day plaintiff was then Transferred to University of South Florida Hospital for 2½ weeks for observation ⑧ Once plaintif returned to Sumter County Florida detention Center Plaintiff was placed in the infirmary for one month were plaintiff underwent Physical Therapy to keep plaintiffs pain levels down and Learn how to walk agen without A walker or wheelchair. These acts of deliberate indifference by Corporal Canale and Officer Davis is the Probable cause of plaintiff's injuries

(Excessive Force Statement of Claim)

①. On 7-26-2022 plaintiff was removed from the infirmary and placed Alpha Bravo Segregation for two hours. And then plaintiff was advised that he had to be Transferred Back to Fox Dorm at that time plaintiff advised officer wood, officer Reale, and Sargent Hayes that plaintiff was in fear for his life because plaintiff was attacked by five inmates in Fox Bilding. And Know plaintiff is suffering from Post Tramatic Stress Disorder and that Disorder caused plainFiff to pull back and drag his legs, and go down to his knees. ② Officer Lancaster, officer wood, officer Reale, Corporal Penn, and Sargent Hayes picked plaintiff up and carried plaintiff all the way to Fox Bilding while knowingly plaintiff is suffering from A Broken Back. Once plaintiff was placed into Fox Bilding Cell B105 plaintiff was still wearing restraints chains and handcuff's ③ at that time plaintiff was put on his Knees facing the shower and officer Lancaster purposefully and knowingly used excessive force when officer Lancaster Rammed plaintiffs Head into A Brick wall in the shower for no reason other then to cause harm to plaintiff


(4) After Officer Lancaster rammed plaintiffs head into the brick wall Officer Wood then stood on plaintiff's knees while plaintiff was still in restraints chains and handcuffs. At that time officer Reale, Corporal Penn, and Sargent Hayes failed to intervene after plaintiff told these officers that they were using Excessive Force because plaintiff was not resisting. These officers were all wearing body cameras when they recklessly disregarded plaintiff's safety because they all knew the Excessive Force used on plaintiff was Intentional and unreasonable and was intended to cause harm to plaintiff

(A) If the events giving rise to your claim arose outside an institution, describe were and when they arose. N/A

(B) If the events giving rise to your claim arose in an institution, describe were and when they arose.

Sumter County Florida detention Center. The failure to protect started on 5-3-2022. and the Excessive Force was on 7-26-2022

(C) What date and approximate time did the events giving rise to your claim occur.

the failure to protect started on 5-3-2022 at 11:00 P.M.

the Excessive Force was on 7-26-2022 and started at 3:18 P.M.

(D.) What are the facts underlying your claim? (For example, what happend to you? Who did what? Was anyone else involved? Who else saw what happened?

(Failure to protect)

On 5-3-2022 plaintiff advised Corporal Canale that plaintiff was in fear for his life, and Corporal Canale stated that he didn't have time for this shit and made an intentional decision to act with deliberate indifference when Corporal Canale walked away and disregarded plaintiff's Health and Safety. On 5-4-2022 plaintiff was attacked by five inmates and these inmates punched and kicked plaintiff for approximately five minutes and broke plaintiffs Back. plaintiff made it to Fox Bilding front door and Officer Davis refused to open the door and help plaintiff Officer Davis walked away for approximately Ten minutes and returned with Sargent Rodriguez. Officer Davis walked away and disregarded plaintiff's Health and Safety when Officer Davis acted with deliberate indifference and made an intentional decision not to help plaintiff

(Excessive force)

On 7-26-2022 plaintiff was transferred to Fox Bilding were plaintiff was originally attacked by five inmates. plaintiff was still wearing restraints chains and handcuff's and plaintiff was placed on his knees in front of the shower at that time Officer Lancaster rammed plaintiffs Head into A Brick wall for no reason other than to cause harm and then Officer Wood stood on plaintiffs knees and that made the handcuffs and chains hurt plaintiffs arms and Legs witch made plaintiff unable to protect himself. at that time Officer Reale, Corporal Penn, and Sargent Hayes Failed to intervene while plaintiff was being attacked by Officer Lancaster and Officer Wood

(Injuries)

After Plaintiff was attacked by five inmates, plaintiff was taken to Dade City Florida Hospital in Pasco County and plaintiff underwent MRI and X-rays and it was determined that plaintiff's back is broke at L1 L2 L3 and L4 vertebrates.

(Relief)

Plaintiff is asking for the maximum amount allowed by law for compensatory, and punitive damages. For the following reasons. plaintiffs injuries have virtually changed plaintiffs life forever. plaintiffs injuries has caused undue pain and plaintiff is in no way able to work or take care of himself financially. and plaintiff is asking to be exempt from being charged 50 dollars a day by the Sumter County Florida Detention Center because they failed to protect plaintiff. and plaintiff is asking all medical bill's be paid by the Sumter County Florida Detention Center because plaintiff is being charged for medical that he is not responsible for. Plaintiff back is broke in four places and plaintiff is asking for an advisor to help him with compensatory and punitive damages in making decisions

(Exhaustion of Administrative Remedies Administrative Procedures)

The Prison Litigation Reform Act (PLRA) 42 U.S.C. 1997e(a) requires that no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies

(A) Did your claim arise while you were confined in a jail, prison, or other correctional facility? yes [✓] no [ ] at the Sumter County Florida Detention Center

(B) Does the jail, prison or other correctional were your claim arose have a grievance procedure
yes [✓]   no [ ]   Do not know [ ]

(C) Does the grievance procedure at the jail, prison, or other correctional facility were your claim arose cover some or all of your claims?
no [✓]   yes [ ]   Do not know

(D) Did you file a grievance in the jail, prison, or other correctional facility where your claim arose concerning the facts relating to this complaint  yes [✓]  no [ ]

E) (If you did File a grievance)

1) Were did you File the grievance?

Sumther County Florida Detention Center

2) What did you Claim in your grievance

(Failure To Protect)

On 9-28-2022 plaintiff advised the Sumter County Florida Detention Center administration. That plaintiff's Back had been broken in Four places after he had been attacked by Five inmates on May 4, 2022. and that plaintiff advised Corporal Canale that he was in Fear For his life and asked to be moved To another dorm were plaintiff would be Safe From other inmates on May 3, 2022. plaintiff asked to be Compensated For his injuries and to have the Sumter County Florida Detention Center administration pay For his Medical Bill's because plaintiff is being Charged For Medical Bill's that he is not responsible for.

(Excessive Force)

On 9-29-2022 plaintiff Told the Sumther County Florida Detention Center administration that officer Lancaster and office wood used Excessive Force For no reason other then to cause harm To plaintiff, and Sargent Hayes, Corporal Penn and officer feale were all wearing Body Cameras and they failed To intervene on July 26, 2022

3) (What was the rusult if any)

For the Failure To Protect plaintiff was Told to tell it to his Attorney, that puts plaintiff at A dead end with this administration.
For the Excessive plaintiff was Told That the Excessive Force was being looked into

14 of 16

④ What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not explain why not. Describe all efforts to appeal to the highest level of the grievance process.

Plaintiff is at A dead end with this administration because Plaintiff was advised to tell it to his attorney. (For the Failure to Protect)

(For the Excessive Force) Plaintiff was unable to file grievances because Plaintiff was in confinement and did not have access to any grievance procedures

F. If you did not file a grievance

① N-A

② N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

The Sumther County Florida Detention Center administrative process is not willing to help Plaintiff in any way and that puts Plaintiff at A dead end with this administration

15 of 16

(Previous Lawsuits)

Plaintiff does not have any previous lawsuites and this civil action is not in any other court

(Certification and Closing)

Under Federal rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and (4) The complaint otherwise complies with the requirements of rule 11

(A)(For Parties without an Attorney)

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

Date of Signing October 13, 2022
Signature of Plaintiff: [signature]
Printed Name of Plaintiff: Steven Charles Spahr
Prison Identification #: 9819037403
Prison Address: Sumter County Detention Center
219 E. Anderson Avenue
Bushnell Florida 33513